**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

1   Valuation of Security     0   Assumption of Executory Contract or Unexpired Lease     1   Lien Avoidance

**Last revised: December 1, 2017**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:                                                                 Case No.:     18-25542

Jeffrey Keith Jeremias                                    Judge:           KCF
Connie Gerri Jeremias

Debtor(s)

## Chapter 13 Plan and Motions

☒ Original            ☐ Modified/Notice Required            Date:    08/07/18

☐ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☒ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: /s/ WHO     Initial Debtor: /s/ JKJ     Initial Co-Debtor: /s/ CGJ

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ _____1,402.00_____ per _____month_____ to the Chapter 13 Trustee, starting on _____September 1, 2018_____ for approximately _____60_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

   ☒    Future earnings

   ☐    Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

   ☐ Sale of real property
   Description:
   Proposed date for completion: _____

   ☐ Refinance of real property:
   Description:
   Proposed date for completion: _____

   ☒ Loan modification with respect to mortgage encumbering property:
   Description: 32 Avalon Avenue, Barnegat, NJ
   Proposed date for completion: 6 mons. after confirmatio

d. ☒ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☒ NONE**

a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 2,010.00 |
| DOMESTIC SUPPORT OBLIGATION | | |
| State of New Jersey | State Income Tax | $3,661.53 |
| Internal Revenue Service | Federal Income Tax | $5,435.43 |

b.  Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

a.  **Curing Default and Maintaining Payments on Principal Residence:**  ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| LoanCare, LLC | 32 Avalon Ave. Barnegat, NJ | Unknown | 0 | May be paid by trustee pending loan modification | $2,398.69 |
| Mr. Cooper | 60 Bowline Ave. Barnegat, NJ | $7,778.21 | 0 | $7,778.21 | $1,582.18 |

b.  **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:**  ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

c.  **Secured claims excluded from 11 U.S.C. 506:**  ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☐ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| Ally Financial | 2015 Chrysler Town & Country | $30,267.85 | $10,000.00 | 0 | $10,000.00 | 4.5% | $11,185.80 |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

Student Loan to be paid outside of Plan

| g. Secured Claims to be Paid in Full Through the Plan: ☒ NONE |||
|---|---|---|
| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|  |  |  |

### Part 5:  Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☒ Not less than $ _____0.00_____ to be distributed *pro rata*

☐ Not less than _____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

### Part 6:  Executory Contracts and Unexpired Leases ☒ NONE

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions ☐ NONE**

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).** ☐ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| State of NJ, Div'n of Taxation | 32 Avalon Ave., Barnegat, NJ | Judgment | $2,330.05 | $310,000.00 | $47,935.57 | $544,646.99 | $2,330.05 |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| Ally Financial | 2015 Chrysler Town & Country | $30,267.85 | $10,000.00 | $11,185.80 | $19,082.05 |

**Part 8:    Other Plan Provisions**

**a. Vesting of Property of the Estate**

☒   Upon confirmation

☐   Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Other Administrative Claims - William H. Oliver
3) Secured Claim
4) Priority Claims; 5) General unsecured claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:    Modification  ☒ NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
|  |  |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☐ No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: 08/07/18                             /s/ William H. Oliver, Jr.
                                           Attorney for the Debtor

Date: 08/07/18                             /s/ Jeffrey K. Jeremias
                                           Debtor

Date: 08/07/18                             /s/ Connie G. Jeremias
                                           Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: 08/07/18                                     /s/ William H. Oliver, Jr.
                                                   Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: 08/07/18                                     /s/ Jeffrey K. Jeremias
                                                   Debtor

Date: 08/07/18                                     /s/ Connie G. Jeremias
                                                   Joint Debtor

```
                         United States Bankruptcy Court
                              District of New Jersey

In re:                                                           Case No. 18-25542-KCF
Jeffrey Keith Jeremias                                           Chapter 13
Connie Gerie Jeremias
        Debtors                        CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin              Page 1 of 2             Date Rcvd: Aug 17, 2018
                              Form ID: pdf901          Total Noticed: 31

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 19, 2018.
db/jdb         +Jeffrey Keith Jeremias,   Connie Gerie Jeremias,    32 Avalon Avenue,    Barnegat, NJ 08005-1313
517681996      +Barron Emergency Physicians,   c/o AR Resources, Inc.,    P.O. Box 1056,
                 Blue Bell, PA 19422-0287
517681998      +Chrysler Capital,   PO Box 961275,   Fort Worth, TX 76161-0275
517681999      +Citibank/The Home Depot,   Centralized Bankruptcy,    Po Box 790034,    St Louis, MO 63179-0034
517682000      +Client Services,   3451 Harry S Truman Blvd.,    Saint Charles, MO 63301-9816
517682005      +Lakeview Loan Servicing, LLC,   PO Box 8068,    Virginia Beach, VA 23450-8068
517682006      +LoanCare LLC,   3637 Sentara Way,   Virginia Beach, VA 23452-4262
517682007      +Mabtc/tfc,   Attn: Bankruptcy,   Po Box 13306,    Chesapeake, VA 23325-0306
517682008      +McCabe, Weisberg & Conway, P.C.,   216 Haddon Ave., Suite 201,    Westmont, NJ 08108-2818
517682009      +Mr. Cooper,   Attn: Bankruptcy,   8950 Cypress Waters Blvd,    Coppell, TX 75019-4620
517682010       Myriad Emergency Physicans, LLC,   PO Box 80137,    Philadelphia, PA 19101-1137
517682013      +Penn Credit,   Attn:Bankruptcy,   Po Box 988,   Harrisburg, PA 17108-0988
517682015      +Quality Asset Recovery,   7 Foster Ave Ste 101,    Gibbsboro, NJ 08026-1191
517682014      +Quality Asset Recovery,   Attn: Bankruptcy,   Po Box 239,    Gibbsboro, NJ 08026-0239
517682021     ++STATE OF NEW JERSEY,   DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
                 TRENTON NJ 08646-0245
               (address filed with court: State of New Jersey,    Division of Taxation,    Bankruptcy Unit,
                 P.O. Box 245,   Trenton, NJ 08695-0245)
517682017      +Santander Consumer USA,   5201 Rufe Snow Drive,    Suite 400,
                 North Richland Hills, TX 76180-6036
517682018      +South Shore Bank,   Attn: Bankruptcy,   Po Box 151,    Weymouth, MA 02188-0904
517682019      +South Shore Bank,   Po Box 77404,   Ewing, NJ 08628-6404
517682020      +Southern Ocean Medical Center,   P.O. Box 650292,    Dallas, TX 75265-0292

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Aug 18 2018 00:16:26      U.S. Attorney,   970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,   Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Aug 18 2018 00:16:21      United States Trustee,
                 Office of the United States Trustee,   1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
517681995      +E-mail/Text: ally@ebn.phinsolutions.com Aug 18 2018 00:15:21      Ally Financial,
                 Attn: Bankruptcy,   Po Box 380901,   Bloomington, MN 55438-0901
517681997      +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Aug 18 2018 00:20:54      Capital One,
                 Attn: Bankruptcy,   Po Box 30285,   Salt Lake City, UT 84130-0285
517682001      +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Aug 18 2018 00:16:05      Comenitybank/New York,
                 Attn: Bankruptcy Dept,   Po Box 182125,   Columbus, OH 43218-2125
517682002      +E-mail/Text: e.salmons@doveroilcompany.com Aug 18 2018 00:16:28      Dover Oil Co.,
                 239 Dover Road,   Toms River, NJ 08757-5142
517682003       E-mail/Text: cio.bncmail@irs.gov Aug 18 2018 00:15:42      Internal Revenue Service,
                 PO Box 7346,   Philadelphia, PA 19101-7346
517682004      +E-mail/Text: bnckohlsnotices@becket-lee.com Aug 18 2018 00:15:29      Kohls/Capital One,
                 Kohls Credit,   Po Box 3120,   Milwaukee, WI 53201-3120
517682011      +E-mail/PDF: pa_dc_claims@navient.com Aug 18 2018 00:21:25      Navient,   Attn: Bankruptcy,
                 Po Box 9500,   Wilkes-Barre, PA 18773-9500
517682012      +E-mail/Text: bkrpt@retrievalmasters.com Aug 18 2018 00:16:19      New Jersey E-Z Pass,
                 c/o RMCB,   P.O. Box 1235,   Elmsford, NY 10523-0935
517682016      +E-mail/PDF: resurgentbknotifications@resurgent.com Aug 18 2018 00:20:56
                 Resurgent Capital Services,   Po Box 10587,   Greenville, SC 29603-0587
517682022       E-mail/Text: tidewaterlegalebn@twcs.com Aug 18 2018 00:15:35      Tidewater Finance Company,
                 6520 Indian River Road,   Virginia Beach, VA 23464
                                                                                              TOTAL: 12

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
lm*            +LoanCare, LLC,   3637 Sentara Way,   Virginia Beach, VA 23452-4262
                                                                                   TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

```
District/off: 0312-3          User: admin              Page 2 of 2                Date Rcvd: Aug 17, 2018
                              Form ID: pdf901          Total Noticed: 31
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 19, 2018                                         Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 16, 2018 at the address(es) listed below:
              Albert    Russo     docs@russotrustee.com
              Melissa S DiCerbo     on behalf of Creditor    LAKEVIEW LOAN SERVICING, LLC nj-ecfmail@mwc-law.com,
               nj-ecfmail@ecf.courtdrive.com
              Rebecca Ann Solarz    on behalf of Creditor    Nationstar Mortgage LLC d/b/a Mr. Cooper
               rsolarz@kmllawgroup.com
              U.S. Trustee     USTPRegion03.NE.ECF@usdoj.gov
              William H. Oliver, Jr.    on behalf of Joint Debtor Connie Gerie Jeremias bkwoliver@aol.com,
               R59915@notify.bestcase.com
              William H. Oliver, Jr.    on behalf of Debtor Jeffrey Keith Jeremias bkwoliver@aol.com,
               R59915@notify.bestcase.com
                                                                                             TOTAL: 6
```