| UNITED STATES BANKRUPTCY COURT |
| District of New Jersey |

Albert Russo
Cn 4853
Trenton, NJ  08650
(609) 587-6888
Standing Chapter 13 Trustee

In re:

Jeffrey Keith Jeremias
Connie Gerie Jeremias

Debtor(s)

Order Filed on May 14, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.: 18-25542 / KCF

Hearing Date:  05/08/2019

Judge: Kathryn C. Ferguson

Chapter: 13

# ORDER CONFIRMING CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through four (4) is **ORDERED**.

**DATED: May 14, 2019**

Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

The plan of the debtor having been proposed to creditors, and a hearing having been held on the confirmation of such plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the plan of the above named debtor, dated 08/16/2018, or the last amended plan of the debtor be and it is hereby confirmed.  The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor.

**ORDERED** that the plan of the debtor is confirmed to pay the Standing Trustee for a period of 60 months.

**ORDERED** that the debtor shall pay the Standing Trustee, Albert Russo, based upon the following schedule, which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586:

>$11,216.00 PAID TO DATE
>
>$1,402.00 for 52 months beginning 05/01/2019

**ORDERED** that the case is confirmed with a calculated plan funding of $84,120.00. General unsecured creditors are scheduled to receive a pro-rata dividend of funds available.

**ORDERED**  that the Standing Trustee shall be authorized to submit, ex-parte, an Amended Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed. R. Bank. P. 3002.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee pursuant to the filed 2016(b) Statement.  Any unpaid balance of the allowed fee shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

**ORDERED** that if the debtor should fail to make plan payments or fail to comply with other plan provisions for a period of more than 30 days, the Standing Trustee may file, with the Court and serve upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed. The debtor shall have fourteen (14) days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that to the extent Section 7 of the debtor's plan contains motions to avoid judicial liens under 11 U.S.C. § 522(f) and/or to avoid liens and reclassify claims in whole or in part, such motions are hereby granted, except as specified below:

NO EXCEPTIONS

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged.

**ORDERED** that the Standing Trustee is <u>not authorized</u> to pay post-petition claims filed pursuant to 11 U.S.C. § 1305(a).

**ORDERED** that student loans are to be paid outside of the Chapter 13 Plan.

**ORDERED** that the debtor(s) must obtain a loan modification by May 25, 2019 or as extended by Loss Mitigation Order.

- Creditor Lakeview Loan Servicing c/o LoanCare, PACER claim #16-1, will be paid through the Chapter 13 Plan until an Amended Proof of Claim is filed.

**ORDERED** that if the debtor has provided for a creditor to be paid in the plan and no Proof of Claim is filed by such creditor before expiration of the applicable bar date, the debtor, pursuant to F.R.B.P. 3004, must file a Proof of Claim on behalf of the creditor within 30 days of the expiration of the applicable bar date. If the time period pursuant to F.R.B.P. 3004 has expired, the debtor must file a Proof of Claim on behalf of the creditor **and** file a motion to allow the Trustee to pay the late filed claim, or the debtor may obtain a Consent Order with the creditor authorizing the Trustee to pay an amount certain in the plan.

**ORDERED** as follows:

Order to be submitted resolving Ally Capital, court claim #3-1, objection to confirmation within thirty days of the May 8, 2019 confirmation.

United States Bankruptcy Court
District of New Jersey

In re:  
Jeffrey Keith Jeremias  
Connie Gerie Jeremias  
    Debtors

Case No. 18-25542-KCF  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-3     User: admin     Page 1 of 1     Date Rcvd: May 15, 2019  
                        Form ID: pdf903     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 17, 2019.  
db/jdb        +Jeffrey Keith Jeremias,   Connie Gerie Jeremias,   32 Avalon Avenue,   Barnegat, NJ 08005-1313

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                                                                                            TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 17, 2019                                                                           Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 15, 2019 at the address(es) listed below:  
          Albert   Russo    docs@russotrustee.com  
          Alexandra T. Garcia    on behalf of Creditor    LAKEVIEW LOAN SERVICING, LLC NJECFMAIL@mwc-law.com, nj-ecfmail@ecf.courtdrive.com  
          Denise E. Carlon    on behalf of Creditor    Nationstar Mortgage LLC d/b/a Mr. Cooper dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com  
          Francis T. Tarlecki    on behalf of Creditor    Lakeview Loan Servicing, LLC Njecfmail@mwc-law.com, ftarlecki.kashlaw@gmail.com  
          John R. Morton, Jr.    on behalf of Creditor    Ally Financial ecfmail@mortoncraig.com, mortoncraigecf@gmail.com  
          Melissa S DiCerbo    on behalf of Creditor    LAKEVIEW LOAN SERVICING, LLC nj-ecfmail@mwc-law.com, nj-ecfmail@ecf.courtdrive.com  
          Rebecca Ann Solarz    on behalf of Creditor    Nationstar Mortgage LLC d/b/a Mr. Cooper rsolarz@kmllawgroup.com  
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov  
          William H. Oliver, Jr.    on behalf of Joint Debtor Connie Gerie Jeremias bkwoliver@aol.com, R59915@notify.bestcase.com  
          William H. Oliver, Jr.    on behalf of Debtor Jeffrey Keith Jeremias bkwoliver@aol.com, R59915@notify.bestcase.com  
                                                                                                                                                                                                                                                                                                                           TOTAL: 10