UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
_____

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

47596
Morton & Craig LLC
John R. Morton, Jr., Esq.
110 Marter Avenue
Suite 301
Moorestown, NJ 08057
Attorney for Ally Financial

In Re:
JEFFREY JEREMIAS
CONNIE JEREMIAS

**Order Filed on June 7, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

18-25542
Case No.: ~~17-25750~~

Adv. No.:

Hearing Date: 5-8-19

Judge:  KCF

## ORDER SETTING AMOUNT TO BE PAID THROUGH PLAN AND DIRECTING THE TRUSTEE TO MAKE ADEQUATE PROTECTION PAYMENTS TO ALLY FINANCIAL

The relief set forth on the following pages, numbered two (2) is hereby **ORDERED**.

**DATED: June 7, 2019**

Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

**Jeffrey and Connie Jeremias**
**18-25542(KCF)**
**Order Setting Amount to be Paid to and Directing the Chapter 13 Trustee to make**
**Adequate Protection Payments to Ally Financial**
**Page 2**

This matter having been brought on before this Court on objection to confirmation filed by John R. Morton, Jr., Esq., attorney for Ally Financial, with the appearance of William Oliver, Esq. on behalf of the debtors, and this order having been filed with the Court and served upon the debtors and their attorney under the seven day rule with no objections having been received as to the form or entry of the order, and for good cause shown;

IT IS ORDERED:

1. **Amount to be paid to Ally Financial:**  The trustee shall pay Ally Financial the sum of $13,087.00 over 60 months (being the vehicle value of $11,148.00 with interest at 6.5% for 60 months).

2. **Adequate protection payments:**  The Chapter 13 Trustee shall make adequate protection payments to Ally Financial in the amount of $111 per month.

3. **Commencement and frequency of adequate protection payments:**  Adequate protection payments shall be made monthly, each month to Ally Financial commencing in September of 2018.

4. **Duration of adequate protection payments:**  Adequate protection payments shall be made monthly to Ally Financial until all counsel fees have been paid and regular distributions begin to be made to Ally Financial.   If in any month there are insufficient funds on hand to pay both counsel fees and adequate protection payments, then funds on hand shall be used to pay adequate protection payments first, with the remaining balance going to counsel fees.  If, after confirmation, counsel fees remain to be paid, then adequate protection payments shall continue to be paid to Ally Financial until the remaining counsel fees have been paid.